1
2
3
4

UNITED STATES DISTRICT COURT

5

DISTRICT OF NEVADA

6

* * *

7   BLAIR MIELKE,                          )
                                           )
8                    Plaintiff,            )        2:14-cv-01763-JCM-NJK
    vs.                                    )
9                                          )
    STANDARD METALS PROCESSING, INC.,      )        ORDER
10                                         )
                     Defendant.            )        (Docket No. 13)
11  _____  )

12          Pending before the Court is the parties' amended stipulated discovery plan and scheduling

13  order (Docket No. 13), which is hereby **DENIED**.  Within the stipulation, the parties state that they

14  "believe that it is the most efficient use of time and resources to ensure time to complete discovery

15  once the Motion to Dismiss is decided." Docket No. 13, at 1.  The parties are essentially telling the

16  Court that they are self-imposing a stay of discovery, pending the resolution of the motion to dismiss.

17  As the Court previously indicated, such a request must address the relevant standards.  Docket No.

18  9; *see Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013); *see also  Tradebay,*

19  *LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011) ("The Federal Rules of Civil Procedure do

20  not provide for automatic or blanket stays of discovery when a potentially dispositive motion is

21  pending").  The parties fail to address these standards.

22          Additionally, the discovery plan is deficient in numerous respects.  First, the Local Rules

23  require proposed discovery plans to "state the date the first defendant answered or otherwise

24  appeared." Local Rule 26-1(e)(1). The submitted discovery plan fails to do so. Second, the

25  presumptive discovery period is 180 days from the date the first defendant answers or appears. *Id.*

26  The proposed plan seeks additional time by calculating a 180-day period from the November 17,

27  2014.[1] Docket No. 13, at 2.  The parties provide no explanation why extended discovery is required.

28

_____

[1] Defendant filed a motion to dismiss on October 30, 2014.  Docket No. 6.

Third, requests for extending discovery deadlines must be filed no later than 21 days before the subject deadline sought to be extended.  *See* Local Rule 26-4. The submitted discovery plan misstates Local Rule 26-4.  Docket No. 13, at 3.  Finally, the proposed plan also misstates Local Rule 26-7.  *Id.*, at 3.

IT IS SO ORDERED:

1.   The parties' amended stipulated discovery plan and scheduling order (Docket No. 13) is hereby **DENIED**.

2.   The following discovery plan and scheduling order dates shall apply:

   a.   Last date to complete discovery: **April 28, 2015.**

   b.   Last date to amend pleadings and add parties: **January 28, 2015.**

   c.   Last date to file interim status report: **February 27, 2015.**

   d.   Last date to disclose experts pursuant to Fed. R. Civ. P. 26(a)(2): **February 27, 2015.**

   e.   Last date to disclose rebuttal experts: **March 30, 2015.**

   g.   Last date to file dispositive motions: **May 28, 2015.**

   h.   Last date to file joint pretrial order: **June 29, 2015.**  In the event dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until 30 days after a decision of the dispositive motions.

3.   In an effort to ensure future compliance and complete understanding of the Local Rules, the Court hereby **ORDERS** attorneys Rachel Donn and Joshua Brinen to file a certification with the Court no later than November 27, 2014, indicating that they have read and comprehend Local Rules 26-1, 26-4, and 26-7.  Counsel are advised that similar violations in the future may result in the imposition of sanctions.

DATED: November 20, 2014

_____
NANCY J. KOPPE
United States Magistrate Judge