UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BLAIR MIELKE, | Case No. 2:14-CV-1763 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| STANDARD METALS PROCESSING, INC., | |
| Defendant(s). | |

Presently before the court is defendant Standard Metals Processing, Inc.'s ("Standard") motion to dismiss the complaint. (Doc. # 6). Plaintiff Blair Mielke filed a response (doc. # 8) and defendant filed a reply (doc. # 15).

I.    **Background**

On or about August 2011, Standard approached plaintiff to serve on its board. (Doc. # 1-1 at 2). Plaintiff alleges that, in exchange for serving on the board, Standard offered to pay him 90,000 restricted stock units of the company's common stock. (*Id.*). Plaintiff agreed, and Standard appointed him a board member on or about August 24, 2011.

Plaintiff asserts that his agreement with Standard "was commemorated by the filing of Form 8-K with the Securities and Exchange Commission ("SEC") on August 30, 2011." (*Id.*). Plaintiff further asserts that the Form 8-K stated that "the board approved a grant of 90,000 restricted stock units of the company's common stock for Mr. Mielke's membership on the board and his appointment to the board's audit and compensation committees.  All RSUs vest annually." (*Id.*).

On or about August 31, 2011, Standard filed a Form 4 with the SEC, detailing the dates when plaintiff's 90,000 shares would vest from November 2011, through August 2012. (*Id.*).

James C. Mahan
U.S. District Judge

1    Plaintiff resigned from the board on September 27, 2012, after one year of service.  (*Id.*).
2    Plaintiff states that, "[o]n or about 2014, [he] sought to obtain the stock certificates for his 90,000
3    shares," but that Standard has refused to deliver certificates for any of the 90,000 shares.  (*Id.*).

4    Plaintiff initiated this case in the Eighth Judicial District Court of Nevada on October 1,
5    2014.  (Doc. # 1-1).  Standard removed this case on October 24, 2014, based on diversity
6    jurisdiction.  (Doc. # 1).

7    **II.     Legal Standard**

8    A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief
9    can be granted." Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "[a] short and
10   plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2);
11   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed
12   factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the
13   elements of a cause of action."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citation omitted).
14   "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at
15   555.  Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to
16   "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

17   In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply
18   when considering motions to dismiss.  First, the court must accept as true all well-pled factual
19   allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth.
20   *Id.* at 1950.  Mere recitals of the elements of a cause of action, supported only by conclusory
21   statements, do not suffice.  *Id.* at 1949. Second, the court must consider whether the factual
22   allegations in the complaint allege a plausible claim for relief.  *Id.* at 1950.  A claim is facially
23   plausible when the plaintiff's complaint alleges facts that allows the court to draw a reasonable
24   inference that the defendant is liable for the alleged misconduct.  *Id.* at 1949.

25   Where the complaint does not "permit the court to infer more than the mere possibility of
26   misconduct, the complaint has alleged, but it has not shown, that the pleader is entitled to relief."
27   *Id.* (internal quotations and alterations omitted).  When the allegations in a complaint have not

28

**James C. Mahan**
**U.S. District Judge**

- 2 -

crossed the line from conceivable to plausible, plaintiff's claim must be dismissed.  *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, "First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.*

## III.   Discussion

Plaintiff asserts six causes of action: (1) breach of contract; (2) breach of the covenant of good faith and fair dealing; (3) unjust enrichment; (4) promissory estoppel; (5) quantum meruit; and (6) specific performance.  Standard moves to dismiss the complaint in full.

### A.   Breach of Contract

To state a claim for breach of contract, the plaintiff must allege: (1) the existence of a valid agreement between the plaintiff and the defendant; (2) a breach by the defendant; and (3) damages as a result of the breach.  *Versatility, Inc. v. Capitol Indem. Corp.*, No. 2:10-cv-1942-JCM-PAL, 2011 WL 3444187, at *1 (D. Nev. Aug. 5, 2011) (citing *Calloway v. City of Reno*, 993 P.2d 1259 (Nev. 2000) (overruled on other grounds)).  Once a plaintiff proves these prima facie elements, the burden shifts to the defendant to show that his nonperformance was excused or otherwise defensible.  *Hewitt v. Allen*, 43 P.3d 345, 349 (Nev. 2002).

Plaintiff alleges that Standard offered to pay him 90,000 restricted stock units of the company's stock in exchange for his service on Standard's board.  (Doc. # 1-1 at 6).  Plaintiff further alleges that he accepted Standard's offer and was appointed as a member of the board on or about August 24, 2011.  (*Id.*).  Plaintiff served on the board for approximately one year.  (*Id.*). He resigned on September 27, 2012.  (*Id.*).  Plaintiff asserts that Standard breached its contract with plaintiff by failing to deliver stock certificates for his 90,000 shares.  (Doc. # 1-1 at 7).

James C. Mahan
U.S. District Judge

Defendant asserts that plaintiff's breach of contract claim should be dismissed because plaintiff's pleading is conclusory. (Doc. # 6 at 3). Defendant asserts that plaintiff "pleads nothing as to the formation of the alleged contract, and does not even plead whether it is oral or written." (*Id.*).

The court finds plaintiff has sufficiently alleged the existence of a valid and enforceable contract. Plaintiff asserts that he and Standard made an agreement where he would serve on Standard's board in exchange for 90,000 restricted stock units. Plaintiff asserts that defendants filed various forms with the SEC detailing the agreement and when his shares would vest. Finally, plaintiff asserts that defendants have failed to distribute the agreed upon stock certificates, depriving plaintiff of his payment for his service to the board. The court will allow plaintiff's claim for breach of contract to proceed.

### B. Breach of the covenant of good faith and fair dealing

Under Nevada law, "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and execution." *A.C. Shaw Constr. v. Washoe Cnty.*, 105 Nev. 913, 784 P.2d 9, 9 (1989) (*quoting* Restatement (Second) of Contracts § 205). To prevail on a breach of implied covenant of good faith and fair dealing claim, a plaintiff must show: (1) the plaintiff and the defendant were parties to a contract; (2) the defendant owed a duty of good faith and fair dealing to the plaintiff; (3) the defendant breached his duty by performing in a manner unfaithful to the purpose of the contract; and (4) the plaintiff's justified expectations were denied. *See Perry v. Jordan*, 900 P.2d 335, 338 (2008).

Plaintiff asserts that defendant breached the covenant of good faith and fair dealing by failing to deliver the stock certificates and, thus, failing to compensate plaintiff as required by the parties' contract. (Doc. # 1-1 at 7). Defendant attempts to argue that plaintiff cannot assert both a claim for breach of contract and a claim for breach of the covenant of good faith and fair dealing where the actions allegedly constituting both violations are the same. (Doc. # 6 at 5). Discovery may yield evidence supporting this claim rather than a breach of contract claim. The court will allow plaintiff's claim for breach of the covenant of good faith and fair dealing to proceed.

. . .

James C. Mahan
U.S. District Judge

- 4 -

1    *C.  Unjust enrichment*

2         "An action based on a theory of unjust enrichment is not available when there is an express,

3    written contract, because no agreement can be implied when there is an express agreement."

4    *Ramos v. Liberty Mut. Ins. Co.*, No. 2:14-cv-839-KJD-PAL, 2014 WL 4354138, at *5 (D. Nev.

5    Sept. 3, 2014) (quoting *Leasepartners Corp. v. Robert L. Brooks Trust Dated November 12, 1975*,

6    942 P.2d 182, 187 (Nev. 1997)).  Unjust enrichment applies to situations where there is no legal

7    contract but where the defendant is in possession of money or property which it, in good

8    conscience and justice, should not retain.  *Id.* (citing *Leasepartners*, 942 P.2d at 187).

9         Plaintiff asserts that Standard's retention of the 90,000 shares of stock that were promised

10   to him in exchange for his service on the board constitutes unjust enrichment.  (Doc. # 1-1 at 7).

11   Defendant asserts that, because plaintiff pleads that there is a valid and binding contract, and does

12   specifically state that it pleads unjust enrichment in the alternative, the claim must fail.

13        Under Federal Rule of Civil Procedure 8(d)(2), "[a] party may set out two or more

14   statements of a claim or defense alternatively or hypothetically, either in a single count or defense

15   or in separate ones.  If a party makes alternative statements, the pleading is sufficient if any one of

16   them is sufficient."  Thus, a party may state a claim for breach of contract, premised on the

17   existence of a valid contract, and state a claim for unjust enrichment, premised on the nonexistence

18   of a valid contract.  *See Winnemucca Farms, Inc. v. Eckersell*, No. 3:05-cv-385-RAM, 2010 WL

19   1416881, at *6 (D. Nev. Mar. 31, 2010).

20        Here, the parties dispute whether any contract or agreement exists between plaintiff and

21   Standard.  If the court determines that the parties had a valid and enforceable contract, then an

22   express agreement would exist, and plaintiff would not be able to recover under an unjust

23   enrichment theory.  *Jung v. BAC Home Loans Servicing, LP*, No. 2:10-cv-2236-JCM-GWF, 2011

24   WL 2462248, at *5 (D. Nev. June 17, 2011).  If the court determines that the parties do not have a

25   valid agreement, then there is the possibility that an implied agreement exists in the alternative.

26   *Id.*  Because additional discovery may be required, now is not the appropriate time for the court to

27   make a determination on this issue.  Accordingly, the court will allow plaintiff's claim for unjust

28   enrichment to proceed as an alternative to his breach of contract claim.

**James C. Mahan**
**U.S. District Judge**

1

    *D.  Promissory estoppel*

2

        To establish promissory estoppel four elements must exist: (1) the party to be estopped

3

must be apprised of the true facts; (2) he must intend that his conduct shall be acted upon, or must

4

so act that the party asserting estoppel has the right to believe it was so intended; (3) the party

5

asserting the estoppel must be ignorant of the true state of facts; and (4) he must have relied to his

6

detriment on the conduct of the party to be estopped.  *Lalli v. Bank of Am., N.A.*, No. 2:12-cv-

7

1221-JCM-PAL, 2014 WL 334810, at *2 (D. Nev. Jan. 29, 2014) (citing *Pink v. Busch*, 691 P.2d

8

456, 459 (Nev. 1984)).  "The doctrine of promissory estoppel, which embraces the concept of

9

detrimental reliance, is intended as a substitute for consideration, and not as a substitute for an

10

agreement between the parties."  *Id.* (quoting *Vancheri v. GNLV Corp.*, 777 P.2d 366, 369 (Nev.

11

1989)).

12

        Although Rule 9(b) does not expressly apply to promissory estoppel claims, Rule 9(b)'s

13

heightened pleading standard applies because promissory estoppel involves false statements and

14

conduct amounting to misrepresentation.  *Blanford v. SunTrust Mortgage, Inc.*, No. 2:12-cv-852-

15

JCM-RJJ, 2012 WL 4613023, at *4 (D. Nev. Oct. 1, 2012); *see Branch Banking & Trust Co. v.*

16

*Eloy Bus. Park, LLC*, No. 2:12-cv-01679-LRH, 2014 WL 1304649, at *6 (D. Nev. Mar. 31, 2014);

17

*Hasan v. Ocwen Loan Servicing, LLC*, No. 2:10-cv-00476-RLH, 2010 WL 2757971, at *2 (D.

18

Nev. July 12, 2010); *Pacific Maxon, Inc. v. Wilson*, 619 P.2d 816, 818 (Nev. 1980) (finding that

19

misrepresentation is a form of fraud where a false representation is relied upon in fact). Pleading

20

with Rule 9(b)'s particularity requires "an account of the time, place, and specific content of the

21

false representations, as well as the identities of the parties to the misrepresentations."  *Swartz v.*

22

*KPMG, LLP*, 476 F.3d 756, 764 (9th Cir. 2007); *see also Morris v. Bank of Nev.*, 886 P.2d 454,

23

456 n.1 (Nev. 1994).

24

        Plaintiff argues that his claim falls within a recognized exception to Rule 9(b)'s

25

particularized pleading requirement, because the facts constituting the circumstances of the alleged

26

fraud are within the defendant's knowledge or are readily obtainable by Standard.  The court need

27

not address this argument, because plaintiff's claim, as pled, meets the particularized pleading

28

requirement.

**James C. Mahan**
**U.S. District Judge**

1    The complaint specifically sets forth that Standard promised plaintiff in August 2011 that

2    plaintiff would be compensated with 90,000 restricted stock units in exchange for his service on

3    Standard's board.  Plaintiff alleges he served on Standard's board for one year based on Standard's

4    promise.  The court will allow plaintiff's promissory estoppel claim to proceed as an alternative to

5    his breach of contract claim.

6      *E.  Quantum meruit*

7      The Nevada Supreme Court has explained that quantum meruit may be pled in two distinct

8    contexts: contract and restitution.  *See Certified Fire Prot. Inc. v. Precision Constr.*, 283 P.3d 250,

9    256 (Nev. 2012).  In the former, quantum meruit applies in actions based upon contracts implied-

10   in-fact.  *Id.*  In other words, contract quantum meruit is found when "the parties intended to contract

11   and promises were exchanged, the general obligations for which must be sufficiently clear."

12   *Risinger v. SOC LLC*, 936 F. Supp. 2d 1235, 1246-47 (D. Nev. 2013) (quoting *Certified Fire*, 283

13   P.3d at 256).  In this circumstance, "a party may invoke quantum meruit as a gap-filler to supply

14   the absent term."  *Id.*  Plaintiff does not plead contract quantum meruit.  *C.f. id.* (allowing plaintiff

15   to proceed with a contract quantum meruit claim to the extent that he could demonstrate that he

16   and defendant intended to abide by various employment terms and benefits missing in the parties'

17   express contract).

18     "Quantum meruit's other role is in providing restitution for unjust enrichment: 'Liability

19   in restitution for the market value of goods or services is the remedy traditionally known as

20   quantum meruit.'"  *Certified Fire*, 283 P.3d at 256 (*quoting* Restatement (Third) of Restitution and

21   Unjust Enrichment § 49 (2011)).  Restitution quantum meruit serves as a *remedy* available after a

22   finding of unjust enrichment.

23     Plaintiff asserts that he performed work for Standard by serving on its board and related

24   committees, for which he was not compensated.  (Doc. # 1-1 at 8).  Defendant essentially repeats

25   its same argument as it presented for unjust enrichment.  Defendant asserts that plaintiff's claim

26   fails because it is "based entirely on the alleged agreements that form the basis of Plaintiff's breach

27   of contract claim and relies on the terms of the alleged contract . . . ."  (Doc. # 6 at 7).

28

**James C. Mahan**
**U.S. District Judge**

1    Plaintiff will be able to seek restitution quantum meruit as a remedy to the extent he can

2    demonstrate unjust enrichment under his third cause of action.  The court will allow plaintiff's

3    claim for restitution quantum meruit to proceed.

4    *F.  Specific performance*

5    Specific performance is a form of contractual remedy and not an independent cause of

6    action.  *Blanford*, 2012 WL 4613023, at *3; *see Carcione v. Clark*, 618 P.2d 346, 348 (Nev. 1990).

7    To be entitled to specific performance plaintiff must establish the breach of a contract by

8    defendant.  *Blanford*, 2012 WL 4613023, at *3.

9    "Under the 12(b)(6) standard, a request for a specific remedy is not sufficient to state a

10   claim upon which relief can be granted."  *Silver State Broad., LLC v. Beasley FM Acquisition*

11   *Corp.*, No. 2:11-cv-01789-MMD, 2012 WL 3996369, at *2 (D. Nev. Sept. 11, 2012).

12   Plaintiff argues that, though specific performance is a remedy rather than a stand-alone

13   cause of action, it is not necessary to dismiss the specific performance claim.  (Doc. # 8 at 8).

14   Plaintiff cites no controlling authority for this proposition.  The court will dismiss plaintiff's claim

15   for specific performance, but notes that specific performance may still be available to plaintiff as

16   a remedy.

17   Accordingly,

18   IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Standard

19   Metals Processing, Inc.'s motion to dismiss plaintiff's complaint (doc. # 6) be, and the same hereby

20   is, GRANTED as to plaintiff's claim for specific performance, and DENIED as to all other claims.

21   DATED April 24, 2015.

22

23   _____
     UNITED STATES DISTRICT JUDGE

24

25

26

27

28

James C. Mahan
U.S. District Judge