1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**DISTRICT OF NEVADA**

10

| | |
|---|---|
| BLAIR MIELKE, ) | |
| ) | |
| Plaintiff(s), ) | Case No. 2:14-cv-01763-JCM-NJK |
| ) | |
| vs. ) | ORDER |
| ) | |
| STANDARD METALS PROCESSING, INC., ) | (Docket No. 25) |
| ) | |
| Defendant(s). ) | |
| _____ ) | |

16          Pending before the Court is Plaintiff's emergency motion to compel and for sanctions and

17 motion to extend the time for deposition.  Docket No. 25.  Defendant filed a response and Plaintiff

18 filed a reply.  Docket Nos. 27, 28.  The Court finds this matter properly resolved without oral

19 argument.  *See* Local Rule 78-2.

20 **I.      Plaintiff's Emergency Motion to Compel and for Sanctions**

21          The Court's initial inquiry regarding a motion to compel is whether the movant made

22 adequate meet and confer efforts.  Federal Rule of Civil Procedure 37(a)(1) requires that a motion

23 to compel discovery "must include a certification that the movant has in good faith conferred *or*

24 *attempted to confer*" with the non-responsive party.  Fed. R. Civ. P. 37(a)(1) (emphasis added).

25 Similarly, Local Rule 26-7(b) provides that "[d]iscovery motions will not be considered unless a

26 statement of the movant is attached thereto certifying that, after personal consultation and sincere

27 effort to do so, the parties have not been able to resolve the matter without Court action."

28 . . .

1        The case law in this District is clear that "personal consultation" means the movant must
2   "personally engage in two-way communication with the nonresponding party to meaningfully discuss
3   each contested discovery dispute in a genuine effort to avoid judicial intervention." *Shuffle Master,*
4   *Inc. v. Progressive Games, Inc*., 170 F.R.D. 166, 171-72 (D. Nev. 1996).  To meet this obligation,
5   parties must "treat the informal negotiation process as a substitute for, and not simply a formal
6   prerequisite to, judicial review of discovery disputes." *Nevada Power v. Monsanto*, 151 F.R.D. 118,
7   120 (D. Nev.1993).  This is done when the parties "present to each other the merits of their
8   respective positions with the same candor, specificity, and support during the informal negotiations
9   as during the briefing of discovery motions."  *Id*.  "Only after all the cards have been laid on the
10  table, and a party has meaningfully assessed the relative strengths and weaknesses of its position in
11  light of all available information, can there be a 'sincere effort' to resolve the matter." *Id.*  To ensure
12  that parties comply with these requirements, movants must file certifications that "accurately and
13  specifically convey to the court who, where, how, and when the respective parties attempted to
14  personally resolve the discovery dispute." *Shuffle Master*, 170 F.R.D. at 170.

15       The purpose of the meet and confer requirement is "to lessen the burden on the court and
16  reduce the unnecessary expenditure of resources by litigants, through promotion of informal,
17  extrajudicial resolution of discovery disputes." *Nevada Power*, 151 F.R.D. at 120.  The "rules
18  regarding a meet and confer are not procedural weapons for parties to rely on to require compliance
19  with invalid discovery requests."  *Aevoe Corp. v. AE Tech Co.*, 2013 WL 4714273, at *2 (D. Nev.
20  Aug. 30, 2013) (citing *F.D.I. C. v. 26 Flamingo, LLC*, 2013 WL 2558219, *2-4 (D. Nev. Aug. 1,
21  2013)).  As such, the Court ultimately retains discretion to decide discovery motions even where no
22  proper meet and confer has been conducted.  *See id.* (citing *Fifty–Six Hope Road Music, Ltd. v.*
23  *Mayah Collections, Inc.*, 2007 WL 1726558, *6 (D. Nev. June 11, 2007)); *Koninklijke Philips*
24  *Electronics N.V. v. KXD Tech., Inc.*, 2007 WL 631950, at *3 (D. Nev. Feb. 26, 2007) order clarified,
25  2007 WL 879683 (D. Nev. Mar. 20, 2007); *1ST Tech., LLC v. Rational Enterprises Ltda*, 2008 WL
26  4571246, at *1 (D. Nev. Apr. 8, 2008) ("[T]he Court finds that Plaintiff's attempt to meet and confer
27  with Defendants' counsel prior to filing the motion complies with the requirements of Rule 37 and
28  the decision in [*Shuffle Master*, 170 F.R.D. 166]").

Plaintiff is moving to compel Defendant to supplement its deficient responses to Request for Admissions No. 1, 2, 4, 5, and 6, or have the Court deem them admitted.  Docket No. 25, at 10-14.  Plaintiff argues that Defendant violated Rule 36 by using boilerplate objections, providing responses to improperly restated admissions, and improperly reading vagueness into a well-defined term.  *Id.*  Plaintiff is also moving to compel Defendant to supplement its deficient responses to Plaintiff's First Set of Interrogatories, Nos. 1, 2, 3, 4, 5, 6, 7, 8, 10, 11, 12, 13, which Plaintiff propounded on February 20, 2015.  *Id.*, at 14-20.  Plaintiff argues, *inter alia*, that Defendant used overbroad and unspecific objections, read vagueness into a well-defined term, referred to deficient responses to requests for admission, and inadequately claimed lack of knowledge.  *Id.*, at 18-20.  Additionally, Plaintiff is moving to compel Defendant to supplement its Request for Production of Documents Nos. 1, 2, 3, 4.  *Id.*, at 20-22.  Plaintiff argues that Defendant's responses to its Requests for Production "contain references to non-existent documents, provide limited documents, and do not provide documents that were requested."  *Id.*, at 21.  In total, Plaintiff's motion concerns 21 discovery disputes.  *See id.*, at 14-21.

On March 24, 2015, Plaintiff's counsel outlined her objections to the above discovery disputes in an email to Defendant's counsel.  Docket No. 54-18.  Plaintiff's counsel stated that she wanted to discuss the issues with Defendant's counsel "in an effort to avoid unnecessary court involvement" and attempted to schedule a meet and confer conference to discuss the discovery issues.  *Id.*  The following day, Defendant's counsel responded that earliest he would be available to discuss the discovery issues was April 3, 2015, because he was preparing for trial in Texas.  Docket No. 54-19.  In an effort to accommodate Defendant's counsel's schedule, Plaintiff sent the following:

> We are more than happy to accommodate your schedule within reason and would even hold the conference at off hours to accommodate your schedule and the time difference (though your client choose [sic] to use a New York firm for a Nevada case).  If you are unwilling to participate in a conference in a reasonable time given the upcoming deposition we will just file a motion will the Court on an emergency basis.

Docket No. 54-20, at 2.

. . .

On March 25, 2015, Plaintiff's counsel again attempted to set up a meet and confer conference, indicating that she was available by phone to address the discovery issues. Docket No. 54-23. Defendant's counsel repeated that he was not available to schedule a meet and confer conference until April 3, 2015. Docket No. 54-24. On March 31, 2015, Plaintiff's counsel conferred telephonically with an attorney at Defendant's counsel's office, Martha Thrush. Docket No. 25, at 7. According to Plaintiff's counsel's certification, the parties agreed to: "(1) a 45 day extension so SMP could have time to supplement its discovery responses and SMP's deposition could occur thereafter; and (2) SMP would provide amended discovery responses by on or before April 10, 2015."[1] Docket No. 54-1, Donn Decl. at ¶ 21. On April 13, 2015, Defendant's counsel wrote a letter to Plaintiff's counsel, refusing to supplement any of its responses and, in regards to the request for production, stated that it had "produced an additional three thousand nine hundred pages of documents with a privilege log." Docket No. 54-31.

The Court has reviewed the pending certification of counsel. Docket No. 54-1, Donn Decl. at ¶¶ 21, 24. Given the manner in which the meet and confer is described, it does not appear that the parties attempted to engage in a personal consultation after Defendant refused to supplement its discovery responses on April 13, 2015. However, the Court must balance this conclusion against the fact that Plaintiff's counsel's attempted to set up a meet and confer conference numerous times and the fact that an attorney at Defendant's counsel's office, Martha Thrush, agreed to supplement them after speaking to Plaintiff's counsel. Docket No. 54-1, Donn Decl. at ¶ 21. Moreover, Defendant's response to the motion to compel consists in its entirety of roughly three pages dealing exclusively with the meet and confer requirement, and is devoid of citation to any legal authority of any kind in regards to Plaintiff's arguments that Defendant's discovery responses are deficient and improper. *See* Docket No. 27, at 2-4; *see* Local Rule 7-2(d) (the failure to file "points and authorities" in response to a motion constitutes consent to the granting of the motion). The Court is also mindful of the need to complete discovery in this case. Given these considerations, the Court exercises its discretion to consider the motion to compel, but will take into account the failure to

---

[1] Defendant does not dispute that attorney Martha Thrush agreed to supplement Defendant's discovery responses. *See* Docket No. 27.

1    meet and confer as it relates to the imposition of sanctions under Rule 27.  *See Shuffle Master*, 170

2    F.R.D. at 173 (court declined to award attorney's fees where moving party failed to satisfy meet and

3    confer requirements).

4         Accordingly, Plaintiff's motion to compel and for sanctions is **GRANTED in part** and

5    **DENIED in part**.  Defendants are to provide proper responses to requests for admission,

6    interrogatories, and request for production identified in the motion  within 14 days of this Order.

7    Due to the failure to engage in a proper meet and confer conference, the Court exercises its discretion

8    to not award sanctions against Defendant.  Failure to comply with this Order may result in case-

9    dispositive sanctions.  Fed. R. Civ. P. 37(c).

10   **II.       Plaintiff's Motion to Extend Time for Depositions**

11        Plaintiff also moves to extend the time for depositions pursuant to Rule 30(d)(1).  Docket No.

12   25.  Pursuant to Rule 30(d)(1), "[u]nless otherwise stipulated or ordered by the court, a deposition

13   is limited to 1 day of 7 hours."  The rule further provides that the Court "must allow for additional

14   time consistent with Rule 26(b)(2) if needed to fairly examine the deponent or if the deponent,

15   another person, or any other circumstance impedes or delays the examination."

16        Rule 26(b)(2) provides that "the court may alter the limits . . . on the length of depositions."

17   Further, "[f]or good cause, the court may order discovery of any matter relevant to the subject matter

18   involved in the action."  Fed. R. Civ. P. 26(b)(1).  However, Rule 26(b)(2)(C) provides that:

19        the court must limit the frequency or extent of discovery otherwise allowed by these
          rules or by local rule if it determines that:

20

21        (ii) the party seeking discovery has had ample opportunity to obtain the information
          by discovery in the action; . . .

22   Thus, a showing of "good cause" is necessary to justify a court order seeking to extend a deposition

23   beyond seven hours.  *See Allstate Ins. Co. v. Nassiri*, 2011 U.S. Dist. LEXIS 79768, 32-33 (D. Nev.

24   July 20, 2011*); Thomas Young v. Sutter Cent. Valley Hospitals*, 2013 WL 3054167, at *2 (E.D. Cal.

25   June 17, 2013).

26        On April 3, 2015, Plaintiff noticed the deposition of Defendant's Person Most

27   Knowledgeable ("PMK") for May 11, 2015, in Gadsden, Alabama.  Docket No. 54-29.  The notice

28   of deposition encompasses twelve topics.  *Id.*  Plaintiff states that it is "not clear" whether the

1   deposition will be able to conclude within a single day of seven hours, and thus requests the Court

2   to allow two days of ten hours for the deposition.  Docket No. 25, at 24.  Plaintiff gives three reasons

3   for needing additional time.  First, Plaintiff asserts that Defendant's counsel may impede or delay

4   the examination, as evidenced by their email correspondence where Defendant's counsel states he

5   will "bust" the deposition if it goes beyond seven hours.  *Id.*, at 23.  Second, Plaintiff contends that

6   it would "significantly compound costs" if Plaintiff were forced to first depose Defendant's PMK

7   and then move for additional time if the deposition cannot be completed within seven hours.  *Id.*, at

8   23.  Third, Plaintiff asserts that Defendant recently produced approximately 3,000 additional pages

9   of documentation and Plaintiff anticipates more documentation will be forthcoming that will need

10  to be addressed during the deposition.  *Id.*, at 24.

11         Defendant correctly asserts that "Plaintiff cites no authority standing for the proposition that

12  additional time must be ordered on the basis of speculation that a deponent will act improperly."

13  Docket No. 27, at 5.  Moreover, Plaintiff has failed to substantiate the assertion that additional time

14  is necessary.  *See Sommers v. Cuddy*, 2013 U.S. Dist. LEXIS 2800 (D. Nev. Jan. 8, 2013) (finding

15  that plaintiffs had not substantiated the need for additional time).  As a result, the Court finds that

16  Plaintiff has not, as of this juncture, shown good cause at this time to extend the deposition beyond

17  seven hours.[2]  Accordingly, Plaintiff's motion to extend the time for depositions pursuant to Rule

18  30(d)(1) is **DENIED** without prejudice.

19  . . .

20  . . .

21  . . .

22  . . .

23  . . .

24  . . .

25  . . .

26  . . .

27  _____

28         [2] The Court expresses no opinion at this time as to whether Plaintiff will be able to show good cause to extend the deposition once the deposition is in progress.

**III.     Conclusion**

For the reasons discussed above,

**IT IS HEREBY ORDERED** that Plaintiff's motion to compel and for sanctions is **GRANTED in part** and **DENIED in part**.

**IT IS FURTHER ORDERED** that  Defendants are to provide proper responses to requests for admission, interrogatories, and requests for production within 14 days of this Order.

**IT IS FURTHER ORDERED** that Plaintiff's motion to extend the time for depositions pursuant to Rule 30(d)(1) is **DENIED** without prejudice.

DATED: May 7, 2015

_____
NANCY J. KOPPE
United States Magistrate Judge