UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BLAIR MIELKE,<br><br>               Plaintiff(s),<br><br>vs.<br><br>STANDARD METALS PROCESSING, INC.,<br><br>               Defendant(s). | Case No. 2:14-cv-01763-JCM-NJK<br><br>ORDER |

Pending before the Court is an order to show cause why Rachel Donn and Joshua Brinen should not be sanctioned for their continual misrepresentation of the Local Rules and violation of the Court's order. Docket No. 33. The Court has received written responses from counsel. Docket Nos. 34, 35. For the reasons discussed below, the Court hereby **DISCHARGES** the order to show cause as to Joshua Brinen and **SANCTIONS** Rachel Donn personally in the amount of $50 pursuant to Rule 16(f)[1] and Local Rule IA 4-1.

I.  **STANDARDS**

Attorneys are required to follow Court orders. Compliance with pretrial orders is not optional. *See, e.g.*, *Johnson v. Mammoth Recreations*, 975 F.2d 604, 610 (9th Cir. 1992) (a pretrial order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril"). Specifically, Rule 16(f) requires counsel to comply with pretrial orders and provides that a judge may

---

[1] Unless otherwise specified, references to "Rules" refer to the Federal Rules of Civil Procedure.

order any "just" sanctions, including those outlined in Rule 37(b)(2)(A)(ii)-(vii), for non-compliance. Rule 16(f) "was designed not only to insure the expeditious and sound management of cases for trial, but to deter conduct that unnecessarily consumes 'the Court's time and resources that could have been more productively utilized by litigants willing to follow the Court's procedures.'" *Martin Family Trust v. Heco/Nostalgia Enterps. Co.*, 186 F.R.D. 601, 603 (E.D. Cal. 1999) (quoting *Mulkey v. Meridan Oil, Inc.*, 143 F.R.D. 257, 262 (W.D. Okla. 1992)). As such, the rule makes clear that "concerns about burdens on the court are to receive no less attention than concerns about burdens on opposing parties." *Matter of Baker*, 744 F.2d 1438, 1441 (10th Cir. 1984)(*en banc*). Whether the party and/or its counsel disobeyed the court order intentionally is impertinent. *See Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 769 (9th Cir. 2001) (sanctions may be imposed when disobedience of order is unintentional).

Similar to Rule 16(f), this Court's Local Rules also provide the Court with authority to impose "any and all appropriate sanctions" on attorneys who, without just cause "fail to comply with any order of the Court." Local Rule IA 4–1.

## II.   FACTUAL BACKGROUND

Submitting a proposed discovery plan in compliance with the Local Rules is a simple task. The Local Rules provide clear instructions as to the contents of the proposed discovery plan. Nonetheless, counsel in this case previously submitted two proposed discovery plans with numerous deficiencies. *See* Docket Nos. 9, 14. Because of those deficiencies, the Court ordered that Ms. Donn and Mr. Brinen familiarize themselves with the relevant Local Rules and file a certification that they understand them. Docket No. 14. Ms. Donn and Mr. Brinen then filed certifications that they read and understood the applicable Local Rules. Docket Nos.16, 17. When requiring counsel to review the Court's Local Rules, the Court made clear that "similar violations in the future may result in the imposition of sanctions." Docket No. 14, at 2.

In violation of the Local Rules that counsel had certified that they read and understood, the parties submitted a stipulation seeking issuance of an order (once again) that sets one deadline (20 days

prior to the discovery cut-off) to seek an extension of any of the deadlines set by the scheduling order. *See* Docket No. 31, at 3.  The Court has already explained that the proper deadline is 21 days prior to the expiration of the deadline for which an extension is sought.  *See* Docket No. 14, at 1 ("requests extending discovery deadlines must be filed no later than 21 days before the subject deadline sought to be extended").

### III.   ANALYSIS

Counsels' conduct thus far in this litigation falls below the standards expected of the Court, especially when the Court provided guidance as to the timing requirements outlined in Local Rule 26-4. As Mr. Brinen's response to the order to show cause acknowledged, the failure to comply with basic Court rules and orders wastes judicial resources.  Docket No. 34.  Counsel's failures further undermine the Court's ability to control its docket while providing for the orderly and expeditious resolution of the matter.  These are significant problems.

In responding to the order to show cause, Ms. Donn admits that she drafted the stipulation at Docket No. 31 and states that she "takes full responsibility for the contents asserted therein."  Docket No. 35, at 1.  The Court, therefore, **DISCHARGES** the order to show cause as to Joshua Brinen.

Ms. Donn contends that the Court should not issue sanctions upon her because she "has appeared as counsel of record in approximately 100 cases before this specific court and routinely practices consistent with all procedural (federal and local) rules."  Docket No. 35, at 3.  However, a cursory review of the docket in this case appears to demonstrate otherwise.  As discussed in the previous section, Ms. Donn (1) submitted a proposed discovery plan in violation of the Local Rule 26-1 (Docket No. 7); (2) submitted a second proposed discovery plan with numerous deficiencies (Docket No. 13); (3) certified that she read and comprehends Local Rules 26-1, 26-4, and 26-7 (Docket No. 17); and (4) submitted a stipulation again misrepresenting Local Rule 26-4 (Docket No. 31).  In addition to not following Local Rules 26-1 and 26-4, Ms. Donn also filed a discovery-related document on the Docket in violation of Local Rule 26-8.  *See* Docket Nos. 4, 5 (order striking filed document).  Moreover, and more distressingly, Ms. Donn continues to misrepresent the Local Rules.  In her response to the order

3

to show cause, Ms. Donn attempts to justify her noncompliance by arguing that she "merely misread the final draft and believed it said any motion to extend the discovery deadline must be filed by August 17, 2015."[2] Docket No. 35, at 2.  Ms. Donn argues that "[t]his statement would have been consistent with the Local Rules." *Id.*, at 2.  This is not the case.  The proposed deadline for the discovery cut-off was September 4, 2015.  Docket No. 31, at 2-3.  Any request to extend that deadline must be filed at least 21 days before September 4, 2015, which is <u>August 14, 2015</u>.  Thus, a request filed by August 17, 2015, would be untimely.

The failure of Ms. Donn to comply with the Court's orders and the Local Rules has disrupted the Court's timely management of its docket, wasted judicial resources, and threatened the integrity of the Court's orders and the orderly administration of justice.  In light of the Court's previous guidance on this exact issue and Ms. Donn's assertions that she read and comprehends Local Rule 26-4, the Court discerns no reasonable explanation for Ms. Donn's continued misstatement of the timing requirements outlined in Local Rule 26-4.

The Court finds that Ms. Donn should be sanctioned personally in the amount of $50 for her failure to comply with the Court's order.  The Court believes that this sanction is sufficient to deter similar misconduct in the future.  The sanction is personal to Ms. Donn.  Payment of $50 shall be made **within ten days** as a court fine to the "Clerk, U.S. District Court."  Ms. Donn shall submit proof of payment to the undersigned Judge's chambers within five days of payment.

. . .

. . .

. . .

. . .

. . .

---

[2] The stipulation stated: "The last day to file any motion or stipulation *to extend any date set by this discovery plan and scheduling order or any other order of this Court* shall be August 17, 2015."  Docket No. 31, at 3 (emphasis added).

4

**IV.     CONCLUSION**

For the reasons discussed above, the Court hereby **DISCHARGES** the order to show cause as to Joshua Brinen and **SANCTIONS** Rachel Donn personally in the amount of $50 pursuant to Rule 16(f) and Local Rule IA 4-1.

IT IS SO ORDERED.

DATED:  June 11, 2015

_____
NANCY J. KOPPE
United States Magistrate Judge

5