KENNETH E. HOGAN, ESQ.
Nevada Bar No. 10083
HOGAN HULET PLLC
7450 Arroyo Crossing Pkwy, Suite 270
Las Vegas, Nevada 89113
(702) 800-5482 (Telephone)
(702) 508-9554 (Fax)
ken@h2legal.com (Email)

RAYMOND A. WILKERSON, ESQ.
Admitted Pro hac vice
R. AUSTIN WILKERSON ATTORNEY AT LAW
904 Appalachian Lane
Savannah, Texas 76227
(817) 269-7401 (Telephone)
austin@wilkersonlegal.com (Email)

Attorneys for Plaintiff
Blair Mielke

SEAN P. FLANAGAN, ESQ.
Nevada Bar No. 5304
FLANAGAN, LTD.
7251 W. Lake Mead Blvd., Ste. 300
Las Vegas, NV 89128
(702) 562-4111 (Telephone)
(702) 562-4117 (Fax)
sean@flanaganltd.com (Email)

JOSHUA D. BRINEN, ESQ.
Nevada Bar No. 13456
BRINEN & ASSOCIATES, LLC
7 Dey Street, Suite 1503
New York, New York 10007
(212) 330-8151 (Telephone)
(212) 227-0201 (Fax)
jbrinen@brinenlaw.com (Email)

Attorneys for Defendant
Standard Metals Processing, Inc.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

1

|  |  |
|---|---|
| BLAIR MIELKE,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>STANDARD METALS PROCESSING, INC., a Nevada Corporation, and DOES 1 through 20, and ROE CORPORATIONS 1 through 20, inclusive,<br><br>　　　　　　　Defendants. | Case No. 2:14-CV-01763 JCM-NJK |

**STIPULATION AND PROPOSED ORDER**
**TO EXTEND DISCOVERY CUT-OFF**
**(Fourth Request)**

The Parties, by and through their undersigned counsel, for good cause shown, hereby stipulate and agree that the discovery cut-off shall be extended to November 25, 2015.

Plaintiff's previous counsel's motion to extend the discovery cut-off was denied without prejudice. See Doc. 57, Order.

In granting Plaintiff's previous counsel's motion to withdraw, See Doc. 51, Order, the Court extended the discovery cut-off from September 1, 2015 to September 25, 2015.

Following is a summary of the discovery completed by the parties:

On February 20, 2015, Plaintiff served on Defendant his Initial Disclosures Pursuant to Fed. R. Civ. P. 26.1, his First Set of Interrogatories Pursuant to Fed. R. Civ. P. 33, his First Set of Requests for Production of Documents Pursuant to Fed. R. Civ. P. 34, and his First Set of Requests for Admission Pursuant to Fed. R. Civ. P. 36.

2

On February 27, 2015, Plaintiff served on Defendant his Expert Disclosures Pursuant to Fed. R. Civ. P. 26(a)(2)(B), and Notice of Deposition of Defendant's Person Most Knowledgeable on April 8, 2015.

On March 5, 2015, Defendant served on Plaintiff its Initial Disclosures Pursuant to Fed. R. Civ. P. 26.1.

On March 9, 2015, Plaintiff served on Defendant his Second Set of Interrogatories Pursuant to Fed. R. Civ. P. 33 and Second Set of Requests for Production of Documents Pursuant to Fed. R. Civ. P. 34

On March 16, 2015, Defendant served on Plaintiff its Responses to Plaintiff's First Set of Requests for Admission Pursuant to Fed. R. Civ. P. 36, First Set of Requests for Production of Documents Pursuant to Fed. R. Civ. P. 34, and First Set of Interrogatories Pursuant to Fed. R. Civ. P. 33.

On March 17, 2015, Plaintiff served on Defendant his First Amended Notice of Deposition of Defendant's Person Most Knowledgeable on April 8, 2015.

On March 18, 2015, Plaintiff served on Defendant his First Supplemental Disclosures Pursuant to Fed. R. Civ. P. 26.1.

On March 26, 2015, Plaintiff served on Defendant his Notice of Deposition and Subpoena to Testify at a Deposition in a Civil Action on April 15, 2015 of non-party Manfred Birnbaum, his Notice of Deposition and Subpoena to Testify at a Deposition in a Civil Action on April 21, 2015 of non-party Mark Dacko, his Notice of Deposition and Subpoena to Testify at a Deposition in a Civil Action on April 22, 2015 of the Person Most Knowledgeable of Maslon LLP, and his Notice of Deposition and Subpoena to Testify at a Deposition in a Civil Action on April 27, 2015 of non-party Irwin Gross.

On March 31, 2015, Defendant served on Plaintiff's counsel its Notice of Deposition of Plaintiff on April 13, 2015.

On April 3, 2015, Plaintiff served his Second Amended Notice of Deposition on Defendant's Person Most Knowledgeable on May 11, 2015, his First Amended Notice of Deposition and Subpoena to Testify at a Deposition in a Civil Action on May 14, 2015 of non-party Manfred Birnbaum, his First Amended Notice of Deposition and Subpoena to Testify at a Deposition in a Civil Action on May 22, 2015 of non-party Irwin Gross, his First Amended Notice of Deposition and Subpoena to Testify at a Deposition in a Civil Action on June 3, 2015 of non-party Mark Dacko, and his First Amended Notice of Deposition and Subpoena to Testify at a Deposition in a Civil Action on June 4, 2015 of the Person Most Knowledgeable of Maslon LLP.

On April 10, 2015, Defendant served on Plaintiff its First Supplemental Disclosures Pursuant to Fed. R. Civ. P. 26.1, its First Set of Requests for Admissions Pursuant to Fed. R. Civ. P. 36, and its First Set of Requests for Production of Documents Pursuant to Fed. R. Civ. P. 34, its First Set of Interrogatories Pursuant to Fed. R. Civ. P. 33. Defendant also served on Plaintiff's counsel its First Amended Notice of Deposition of Plaintiff on May 28, 2015.

On April 14, 2015, Defendant served on Plaintiff its Response to Plaintiff's Second Set of Interrogatories Pursuant to Fed. R. Civ. P. 33 and its Response to Plaintiff's Second Set of Requests for Production of Documents Pursuant to Fed. R. Civ. P. 34.

On May 6, 2015, Defendant served on Plaintiff its Second Supplemental Disclosures Pursuant to Fed. R. Civ. P. 26.1.

On May 8, 2015, Plaintiff served on Defendant his Third Amended Notice of Deposition of Defendant's Person Most Knowledgeable on July 6, 2015.

4

On May 14, 2015, Plaintiff served on Defendant his Second Supplemental Disclosures Pursuant to Fed. R. Civ. P. 26.1.

On May 18, 2015, in accordance with the Court's Order, See Doc. 30, dated May 7, 2015, granting in part and denying in part Plaintiff's Emergency Motion to Compel and for Sanctions and Motion to Extend the Time for Depositions, See Doc. 25, dated April 28, 2015, Defendant served on Plaintiff its Second Supplemental Response to Plaintiff's First Set of Interrogatories No. 1, 2, 3, 4, 5, 6, 7, 8, 10, 11, 12 and 13, its Second Supplemental Responses to Plaintiff's First Set of Requests for Production of Documents, and its Second Supplemental Responses to Plaintiff's First Set of Requests for Admission No. 1, 2, 4, 5 and 6. Defendant also served on Plaintiff its Third Supplemental Disclosures Pursuant to Fed. R. Civ. P. 26.1, its Second Set of Requests for Admissions pursuant to Fed. R. Civ. P. 36, its Second Set of Interrogatories Pursuant to Fed. R. Civ. P. 33, and its Second Set of Requests for Production of Documents Pursuant to Fed. R. Civ. P. 34.

On May 18, 2015, Plaintiff served on Defendant its Second Set of Requests for Admission Pursuant to Fed. R. Civ. P. 36, its Second Set of Requests for Production of Documents Pursuant to Fed. R. Civ. P. 34, and its Second Set of Interrogatories Pursuant to Fed. R. Civ. P. 33. Plaintiff also served on Defendant his Second Amended Notice of Deposition (To Be Taken by Telephone At Deposition Location) and Subpoena to Testify at a Deposition in a Civil Action on June 2, 2015 of non-party Irwin Gross and his Second Amended Notice of Deposition (To Be Taken by Telephone At Deposition Location) and Subpoena to Testify at a Deposition in a Civil Action on June 4, 2015 of non-party Manfred Birnbaum.

On May 22, 2015, Defendant served on Plaintiff its Fourth Supplemental Disclosures Pursuant to Fed. R. Civ. P. 26.1.

On May 29, 2015, Plaintiff served on Defendant his Third Amended Notice of Deposition (To Be Taken by Telephone At Deposition Location) and Subpoena to Testify at a Deposition in a Civil Action on June 29, 2015 of non-party Irwin Gross, his Second Amended Notice of Deposition and Subpoena to Testify at a Deposition in a Civil Action on August 17, 2015 of non-party Mark Dacko, his Second Amended Notice of Deposition and Subpoena to Testify at a Deposition in a Civil Action on August 18, 2015, 9:00 a.m. EDT of the Person Most Knowledgeable of Maslon LLP, and his Third Amended Notice of Deposition (To Be Taken by Telephone At Deposition Location) and Subpoena to Testify at a Deposition in a Civil Action on August 20, 2015 of non-party Manfred Birnbaum.

On June 1, 2015, Plaintiff served on Defendant his Third Amended Notice of Deposition and Subpoena to Testify at a Deposition in a Civil Action on August 18, 2015, 9:00 a.m. CST of the Person Most Knowledgeable of Maslon LLP.

On June 3, 2015, Plaintiff served on Defendant his Fourth Amended Notice of Deposition (To Be Taken by Telephone At Deposition Location) and Subpoena to Testify at a Deposition in a Civil Action on August 20, 2015 of non-party Manfred Birnbaum. **THE FOURTH AMENDED NOTICE OF DEPOSITION IS THE SAME AS THE THIRD.**

On June 10, 2015, Defendant, in accordance with the "meet and confer" telephone conference between Plaintiff's counsel and Defendant's counsel, served on Plaintiff its Third Supplemental Responses to Plaintiff's First Set of Interrogatories Number 2.

On June 12, 2015, Defendant served on Plaintiff its Third Set of Requests for Production of Documents Pursuant to Fed. R. Civ. P. 34.

On June 17, 2015, Plaintiff served on Defendant his Third Amended Notice of Deposition and Subpoena to Testify at a Deposition in a Civil Action on September 2, 2015 of

6

non-party Mark Dacko and his Fourth Amended Notice of Deposition and Subpoena to Testify at a Deposition in a Civil Action on September 3, 2015 of the Person Most Knowledgeable of Maslon LLP.

On June 15, 2015, Defendant's counsel sent correspondence to Plaintiff's counsel addressing Defendant's substantive concerns regarding Plaintiff's discovery responses and objections prior to the scheduled "meet and confer" to discuss Defendant's issues.

On June 18, 2015, Defendant served on Plaintiff's counsel its Third Amended Notice of Deposition of Plaintiff on August 17, 2015.

On June 22, 2015, Plaintiff served on Defendant his Fourth Amended Notice of Deposition of Defendant's Person Most Knowledgeable on July 17, 2015.

On June 23, 2015, Plaintiff served on Defendant his Notice of Cancelation of the Deposition of non-party Irwin Gross which had been scheduled for June 29, 2015.

On June 23, 2015, Plaintiff's counsel filed an Emergency Motion to Withdraw as Attorney for Plaintiff.  See Doc. 42. The Court granted Plaintiff's Motion on July 6, 2015. See Doc. 51.

Plaintiff subsequently retained local counsel who filed his Notice of Appearance on July 22, 2015. See Doc. 52. However, Plaintiff also retained other counsel whose Verified Petition for Permission to Practice Pro Hac Vice and Approving Designation of Local Counsel, filed on August 28, 2015 (See Doc. 54), was not granted until September 8, 2015. See Doc. 56.

As such, Parties' counsel have not been able to timely resolve Defendant's substantive issues with Plaintiff's discovery responses and reschedule and conduct previously notice depositions.

As the Parties' counsel, in spite of their best efforts and due diligence, have been unable to effect the necessary discovery, there exists good cause for their requested extension of time.

Pursuant to the Parties' Joint Interim Status Report, See Doc. 53, the Parties are available for trial on January 11 through January 13, 2016, January 18 through January 20, 2016, or January 25 through January 27, 2016, and so the requested extension of time will not affect the trial of this action.

Dated:  September 17, 2015

| Blair Mielke | Respectfully submitted, |
|---|---|
| FLANAGAN LTD. | HOGAN HULET PLLC |
| by:     /s/ Sean P. Flanagan<br>          Sean P. Flanagan | by:     /s/ Kenneth E. Hogan<br>          Kenneth E. Hogan<br>          7450 Arroyo Crossing Pkwy, Suite 270<br>          Las Vegas, Nevada 89113 |
| 7251 W. Lake Meade Blvd., Suite 300<br>Las Vegas, Nevada 89128 | R. AUSTIN WILKERSON ATTORNEY AT LAW |
| BRINEN & ASSOCIATES, LLC | /s/ Raymond A. Wilkerson |
| by:     /s/ Joshua D. Brinen<br>          Joshua D. Brinen | by:     Raymond A. Wilkerson<br>          Admitted pro hac vice<br>          904 Appalachian Lane<br>          Savannah, Texas 76227 |
| 7 Dey Street, Suite 1503<br>New York, New York 10007 | |
| Attorneys for Defendant<br>Standard Metals Processing, Inc. | Attorneys for Plaintiff |

**IT IS SO ORDERED.**

**Dated this** 18th **day of** September**, 20**15

_____
UNITED STATES MAGISTRATE JUDGE